# CIRCUIT COURT OF BALTIMORE CITY.

Filed December 7, 1897.

AMELIA V. WHITE

VS.

GEORGE BEADENKOPF.

*Fisher, Bruce & Fisher* for plaintiff.

*Paca & Newbold* for defendant.

DENNIS, J.—

Conceding upon the theory of Merritt vs. Gardner, (32 Md. 78), that if the character of this transaction was to be determined by the entry upon the bank book alone, the deposit would be treated as a gift from the defendant to the plaintiff, yet the entry upon the book is but one of many facts attending the transaction, all of which must be considered in determining what was the actual intention of the depositor in regard to the fund when this account was opened.

It is beyond contention that the money deposited came from the father, having been earned by him in his business, in which his wife only assisted him as his agent, having no proprietary interest whatever. It is undisputed also, that prior to the opening of this account in the name of his daughter, who was at the time a minor, but which account was made subject alone to the order of the father, the latter had kept an account from May, 1880, in the same bank in the joint names of himself and wife, to which account, with unbroken regularity, he deposited monthly the sum of forty dollars, as it was received from his business, this being the full amount allowed by the rules of the bank at the time, to be deposited to one account; that in March, 1881, the bank adopted a rule that thereafter it would only receive a monthly deposit of $20, upon any one account; and that immediately upon the promulgation of this rule, the defendant opened the account now in controversy in the name of his daughter, but subject alone to his own order, and thereafter continued regularly to deposit monthly the sum of $20 to each account (instead of, as formerly, the whole $40 to the first account) until in 1891, the money on the account now in controversy was withdrawn in a lump, and the account closed. But during the whole of these ten years, neither account was ever drawn upon, and no other deposit was ever made upon either except a monthly deposit of $20 upon each.

The defendant unqualifiedly and absolutely denies that he ever had an intention, at any time, to make a gift of the amount deposited to this last account to his daughter, and that he deposited it in the manner in which it was made for the sole purpose of avoiding the rule of the bank prohibiting a larger amount to any one account than $20, and in order to enable him to continue his usual deposit of $40 monthly through the agency of these two accounts, by dividing the deposits equally between them.

This seems a reasonable and plausible explanation of the transaction; and against it the plaintiff has to rely alone upon declarations claimed to have been made by the defendant to her, and to her aunt, to the effect that he intended this fund to be for the benefit of his daughter, that it was his daughter's, and that the house which he had bought with the money when it was withdrawn in 1891, (the deed to which was taken in his own name) was bought for his daughter, and similar declarations.

Although the plaintiff knew the house was bought in 1891, she never, either before her marriage, or afterwards, claimed the rents from it; her explanation is, that she trusted to her father, and that she thought the rents were being deposited in bank to her account, as he told her; although she knew the only account which she ever claimed as her own, had been closed out in 1891, when the house was purchased. It is,

moreover, to be noted, that none of the declarations of gift by the defendant are claimed to have been made until several years after the account in question was opened; and all of them were made several years before the testimony was taken, at which time, necessarily, the memory of the only two witnesses who testify to them must have been, to some degree, at least, affected by the long lapse of time, as respects accuracy and definiteness.

Now, when the alleged donor is still alive and denies unequivocally any intention of having made a gift, and when the admitted circumstances of the transaction are entirely consistent with his theory, and he has always claimed and retained actual control over the fund, I think a high degree of testimony should be required to deprive a man of his property which he is thus called upon to part with as a pure donation, without any consideration whatever.

"Such parol gifts are regarded with jealousy by the Courts, and only established on the most satisfactory proofs, because it frequently happens that men make loose and playful declarations of having given, or intending to give, property to their children. Blake vs. Jones, 1 Bailey's Equity 145"; and I concur in the following expressions of the learned Chancellor of South Carolina, in Reid vs. Colcock, 1 N. & McC. 602, as well stating the reasons for a rigid insistence upon the most satisfactory proof in all such cases, both upon grounds of public policy and for the protection of the parent:

"I have always regarded parol gifts to children, unaccompanied by distinct delivery and possession, with great jealousy, and always feel it my duty not to support them except on the most satisfactory proofs. * * * In their nature, they are calculated to excite strife and dissention among those bound together by the strongest ties of policy and nature; and are upon the whole so easily conjured up out of the most unimportant circumstances and so difficult, if not impossible to resist, as to render it almost impossible for a parent safely to permit a child to set up, even in playfulness, an unmeaning claim to any article of property."

In reaching the conclusion that the bill in this case must, therefore, for the reasons stated, be dismissed, I do not think it is at all in conflict with the decision in Merritt vs. Gardner, 32 Md. 78. There the intention of the donor to make the gift was proven beyond dispute; the contention was, whether there had been such a "parting with control over the fund," in view of the special form of the entry of the deposit, as to effectuate the gift, as both an intention to give and an absolute parting with control over the subject-matter must concur to make a gift complete. The Court held, that the intention to make the gift on the part of the donor was clear; and that, the deposit having been made with that intention, and the by-law permitting such an entry to be made in order to carry out the intention of donation, she must be presumed to have accepted the entry upon the theory of the by-law; and, therefore, while it was still made subject to her control, it was only as *trustee* for the donees and not for her own benefit that such control continued. In other words, the contention there was, not over the intention to give, but whether there had been such an absolute parting with possession as to effectuate the gift; and I fail to see how that case can be construed as deciding that the form of the entry alone is to be held conclusive, as against extrinsic evidence to the contrary, of an intention to give.

In this case, I find no sufficient evidence of an intention, at any time, of a gift *in presenti*.